UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>            Plaintiff, )<br>)<br>-v- )<br>)<br>MERZA MIZORI, )<br>            Defendant. )<br>_____) | No. 1:13-cr-09-01<br><br>Honorable Paul L. Maloney |

## OPINION AND ORDER GRANTING DEFENDANT'S AMENDMENT 782 MOTION FOR SENTENCE REDUCTION

This matter comes before the Court on Defendant Merza Mizori's motion for a sentence reduction (ECF No. 267) under 18 U.S.C. § 3582(c). Amendment 782 lowered the base offense level for most drug trafficking offenses, and has been made retroactive. The matter will be resolved without a hearing. *See United States v. DeWitt*, 385 F. App'x 479, 481 (6th Cir. 2010) (concluding that § 3582(c)(2) does not require a hearing).

Section 3582(c) authorizes an exception to the general rule that a district court may not modify a term of imprisonment once it has been imposed. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). The decision to grant or deny a motion for sentence reduction under § 3582(c) falls within the discretion of the district court. *Id.* at 695.

Mizori was sentenced in 2013 after entering a guilty plea. After downward departures, Mizori's sentencing guideline was 292 to 365 months imprisonment, based upon a total offense level of 37 and a criminal history category IV. This Court sentenced Mizori to 300 months imprisonment. The sentence was 8 months above the low end of the guideline range, or between 2.5% and 3% above the low end of the guideline range. Subsequently, the

Government filed, and this Court granted, a Rule 35(b) motion. The Court then reduced Mizori's sentence to 228 months, a 24% reduction from the original sentence.

After Mizori filed his motion for sentence reduction, the matter was referred to the Probation Office for a report concerning eligibility. The Probation Office has concluded Mizori is eligible for sentence reduction and has calculated his guideline range after the downward departures as 235 to 293 months imprisonment. In response to the report, the Government concedes Mizori is an eligible defendant. (ECF No. 273 PageID.1698.)

The Court intends to reduce Mizori's sentence using a percentage-based method. By using the new low end of the guideline range as the starting point, and by adjusting the sentence by the same percentages that the prior sentence was adjusted, Mizori will receive the appropriate benefit of Amendment 782. *See, e.g., United States v. Mann*, 666 F. App'x 488, 490 (6th Cir. 2016) (noting that a district court may, but is not required, to employ a percentage-based method for reducing a sentence under § 3582(c)). Starting with the low end of the guideline range (235 months), and increasing that number by 2.5% to 3%, this Court would impose a sentence of 242 months. That number would then be reduced by approximately 24% to 184 months for the Rule 35(b) motion.

In imposing a reduced sentence, the Court opts to consider Mizori's post-sentence conduct. *See* USSG § 1B1.10, cmt. 1(b)(iii). Since his term of imprisonment started, Mizori has earned his General Education Diploma, he has completed multiple drug programming and drug-related classes, he has completed multiple work-readiness classes and he has held a full-time job in the prison. During this time he has had a single disciplinary sanction.

Taking these accomplishments into account, the Court will further reduce Mizori's sentence by another 8 months.

For these reasons, Mizori's motion for sentence reduction (ECF No. 267) is **GRANTED.** Mizori is sentenced to 176 months imprisonment. All other aspects of the original judgment remain; only the term of imprisonment is altered.

**IT IS SO ORDERED.**

Date: August 23, 2017 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge