UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | No. 1:13-cr-09-01 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| MERZA MIZORI, ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Merza Mizori filed a motion for a sentence reduction (ECF No. 408). Defendant relies on 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. The Court will deny the motion.

Defendant pled guilty to possessing with the intent to distribute cocaine base. In calculating his criminal history score, Defendant received two status points under USSG § 4A1.1(d) because he committed the crime while under a criminal justice sentence for a state law conviction. Defendant received eight criminal history points and had a criminal history category IV. The Court sentenced Defendant to 300 months imprisonment in November 2013. Since the sentencing hearing, the Court has twice reduced Defendant's sentence and he currently serves a sentence of 176 months imprisonment (ECF Nos. 274 and 275).

Once a district court imposes a sentence, the court may not modify that sentence except in limited circumstances. *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021). One such exception, § 3582(c)(2), permits a district court to modify a sentence when the Sentencing Commission makes guidelines modifications that lower the sentencing guidelines

range for that defendant. 18 U.S.C. § 3582(c)(2). The district court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

When considering a sentence reduction under § 3582(c)(2), the court must first determine if the defendant is eligible, whether the changes contained in the Sentencing Commission's retroactive amendment actually lowered the defendant's guideline range. *See Dillon v. United States*, 560 U.S. 817, 827 (2010); *United States v. Valentine*, 694 F.3d 665, 669 (6th Cir. 2012)). Amendment 821 contains two retroactive provisions. Part A of Amendment 821 decreases "status points" by one point for defendants with seven or more criminal history points and eliminates "status points" for defendants with six or fewer criminal history points. Status points are those points that were applied under then § 4A1.1(d) if the defendant committed his or her federal offense while on probation, parole, supervised release, imprisonment, work release, or escape status. Defendant appears eligible for a sentence reduction as he received status points and application of the new scoring would reduce his criminal history category to III, which would reduce his guideline range. The government concedes Defendant's eligibility (ECF No. 442 PageID.2233).

After finding a defendant eligible for a sentence reduction, § 3582(c)(2) requires the court to consider the factors in 18 U.S.C. § 3553(a) to the extent the factors are applicable. *Dillon*, 560 U.S. at 827. These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed, the need to avoid sentence disparities and the need to provide restitution to victims, among other

things. A court may also consider post-sentencing conduct. *United States v. Johnson*, 718 F. App'x 345, 348 (6th Cir. 2017). The consideration of the § 3553(a) factors generally falls within the court's exercise of discretion. *Id.*

The Court has had several opportunities to consider and apply the § 3553(a) factors for this defendant. In 2017, the Court noted Defendant's rehabilitative efforts in prison as weighing in favor of a sentence reduction (ECF No. 274). The Court also noted Defendant's single disciplinary sanction. Since then, Defendant has been convicted of another federal offense for attempting to obtain a prohibited item while in prison. The record contains a detailed report of the scheme (ECF No. 415). Defendant's criminal conduct while in prison weighs heavily against the current request for a reduction in sentence. The Court has again considered all of the relevant factors for a sentence reduction. Defendant's criminal activity in prison weighs strongly against any rehabilitative efforts Defendant has made since the Court last modified his sentence. The Court finds that the requested reduction in sentence would not promote respect for the law or provide adequate deterrence to criminal conduct.

Accordingly, the Court **DENIES** Defendant's motion for a sentence reduction (ECF No.408). **IT IS SO ORDERED.**

Date: August 1, 2024   /s/ Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　United States District Judge